IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DARRELL JONES,
    Plaintiff,

v.

BRANDT INDUSTRIES et al,
    Defendants.

Case No. 1:25-cv-01203-JEH-RLH

### Order

Now before the Court is the Plaintiff's Motion to Proceed in forma pauperis and Plaintiff's Motion to Request Counsel (D. 4 & 5).[1] For the reasons set forth, *infra*, the Plaintiff's Motions are DENIED, his Complaint is DISMISSED without prejudice, and the Plaintiff shall have leave to renew both Motions within twenty-one days.

"The federal in forma pauperis statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). However, even if the Court were to find the Plaintiff is unable to pay the filing fee, his Complaint must still be dismissed.

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii).

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

*Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Even construing the Plaintiff's Complaint liberally, as the Court must given his *pro se* status, the Plaintiff fails to state a viable claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers"). According to his Complaint alleging employment discrimination, Plaintiff has checked the boxes alleging that he was discriminated against on the basis of his Age, Color, National Origin, Race, Sex, and Other, noting "disparage." (D. 1 at ECF p. 2). Plaintiff also states that he was intentionally discriminated against because his employment was terminated, that he was retaliated against by the Defendant because he asserted his rights, that the Defendant coerced, intimidated, threatened, or interfered with the enjoyment of his rights, that the Defendant discriminated against him with respect to the compensation, terms, conditions, or privileges of employment, and that he was disparaged because he had to live in a homeless shelter as a result. (D. 1 at ECF p. 3-5). In the supporting facts section Plaintiff states as follows:

> So they next day Darrell was brought into the office with all the big wigs in there and a video on a phone was presented to Darrell showing Darrell leaving out of work and stopping and speaking briefly with 2 co workers and these imaging supposedly showing Darrell accused of vandalism even though no charges was filed which brings in slander/libel Darrell was number two man and never

2

> had a write up which lead to Darrell became homeless and lost everything and had to go to the local homeless shelter Deceptive practice by making up false accusations practice retaliation (D. 1 at ECF p. 4-5).

Plaintiff seeks 3.2 million dollars in compensatory damages along with seeking other forms of relief. *Id.* However, devoid from Plaintiff's allegations are any nexus to the claims he is asserting. *Id.* Specifically, the Plaintiff does not allege any fact that the Defendant took that relates to either the Plaintiff's age, race, color, origin, or sex. *Id.* Without more, Plaintiff's Motion fails because a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, a plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). On these facts, there is insufficient factual matter to state a plausible claim for the discrimination alleged, even construing Plaintiff's motion liberally, nor does it provide enough detail to present a story that holds together. *Id.* Accordingly, the claim is dismissed without prejudice and the Plaintiff shall have leave to amend.

For the reasons set forth, *supra*, the Plaintiff's Motion to Proceed in forma pauperis and his Motion to Request Counsel are DENIED, his Complaint is DISMISSED without prejudice, and the Plaintiff shall have leave to renew both Motions within twenty-one days.

*It is so ordered.*

Entered on July 22, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

3